PFEIFFER, et al., Respondents, v. SHORT, et al., (RIME, Appellant.)

(186 N. W. 560.)

(File No. 4898.   Opinion filed January 30, 1922.   Rehearing denied March 10, 1922.)

**Vendor and Purchaser—Contract Reciting Payment Due, Receipt Therefor Fraudulently Obtained—Suit Against Vendees' Assignee to Cancel—Assignee's Implied Knowledge of Fraudulent Representations—Statute Re—Evidence, Sufficiency.**

Where, after a contract between Plaintiffs and Defendant S to convey to him lands, under which contract a second payment of $4000 was payable at a future date, was sought to be assigned to co-defendant R, who objected unless said payment were increased to $4196 and paid by S before R would exchange a stock of goods for the contract; S thereafter securing a new contract with such change, and returning to R therewith and with a receipt for the $4196 from vendor, which receipt was found to have been obtained by false and fraudulent representations to plaintiff by S; trial court having found that the receipt was so procured and that R took the assignment charged with full knowledge and notice of all said representations and was not a bona fide holder or purchaser under the contract; held, in a suit by plaintiffs against O and R for cancellation of said receipt and also the contract unless said sum should be paid by R, that said finding was sustained by the evidence; that (under Sec. 15, Code 1919) every person having actual notice of circumstances sufficient to put a prudent man on inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of such fact; that R, who knew that the contract called for said second payment at a future date, was bound, notwithstanding the receipt, to inquire and ascertain whether or not the $4196 had been paid; that a "prudent" man taking such assignment with knowledge of said contract would have hesitated to take it without some explanation of why said provision for such payment remained therein, and should have realized that no business man in S's place, if he had in fact paid said sum, would have signed the contract when he did, thereby having apparently acknowledged that it remained unpaid.

Gates, P. J., and Anderson, J., dissenting.

Appeal from Circuit Court, Codington County. Hon. WIL-LIAM N. SKINNER, Judge.

Action by John C. Pfeiffer and another, against Ed Short and H. O. Rime, for cancellation of a contract for sale of realty and of a receipt for part payment therefor. From a judgment for plaintiffs, and from an order denying a new trial, defendant Rime appeals. Affirmed.

*Robertson & Cloud,* for Appellant.
*Loucks, Hasche & Foley,* for Respondents.

WHITING, J. In December, 1918, plaintiffs entered into a written agreement with defendant Short to sell and convey to him 387.56 acres of land in Codington county for the aggregate price of $21,696, of which $1,000 was paid at the time, $4,000 to be paid March 1, 1919, and $16,696 payable March 1, 1924. Both parties were residents of Codington county. Short endeavored to negotiate a trade of his contract to defendant Rime, a merchant of Dell Rapids, for a stock of merchandise. Upon making an inventory of the stock selected, Rime declined to enter into a trade unless the March, 1919, payment should be changed to be $4,196, instead of $4,000, and unless such installment be paid by Short before taking possession of the goods. Short went to Codington county, and secured a change in the contract by which the March, 1919, payment was to be $4,196, and the final payment $16,500, and, as the jury found, by false and fraudulent representations secured from plaintiffs a receipt for the payment of the $4,196 installment without paying anything therefor. Short then returned to Dell Rapids, assigned the contract to Rime, delivered to him the receipt, and effected the trade with Rime, the latter relying upon the fraudulent receipt. After March 1, Rime tendered a mortgage on the land for $16,500, and demanded a deed as was permitted by the contract as amended. Plaintiffs refused because the $4,196 payment had not been made. This action was brought for the cancellation of the receipt and for the cancellation of the contract unless the said sum of $4,196 should be paid by Rime. A jury rendered an advisory verdict upon the one question submitted to it, finding that the receipt was obtained by Short through false and fraudulent representations. The trial court made findings of fact and conclusions of law favorable to plaintiff, and entered judgment canceling the contract unless de-

fendant should pay said sum of $4,196 with interest within 30 days. The defendant Rime appeals from the judgment and order denying new trial.

In part the trial court found:

"That said defendant H. O. Rime took said assignment charged with full knowledge and notice of all of the representations and statements made by said defendant Short to said plaintiff as set forth in finding No. 5, and is not a bona fide holder under said contract, and not a bona fide purchaser of said contract of said premises described therein, and is charged with knowledge and notice of the fraudulent misrepresentations made by the defendant Short at the time of the execution thereof."

The sole question for our determination is whether or not this finding was justified by the evidence. Section 15, R. C. 1919, reads:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

That there was fraud practiced by Short in securing the receipt is fully sustained by the evidence. What was there, if anything, that should have put Rime upon inquiry to ascertain whether or not the $4,196 had been paid? He was a stranger to Short, never having seen him before Short came to him to make this trade. Rime knew the provisions of the contract Short then had with plaintiffs. He told Short that he could not take this land with more than $16,500 against it; that the $4,000 payment and $196 of the $16,696 payment must be taken care of. He, himself, had the new contract and receipt prepared. This contract, dated January 6, instead of reciting present and past payments aggregating $5,196—the $1,000, $4,000, and $196—recited a present payment of $1,000, payment of $4,196 to be made March 1, and notes and mortgages to be given for $16,500. Short got plaintiffs to execute both the contract and the receipt. Of course there would be nothing suspicious in the execution of either one—the new contract or the receipt; but they were both executed, and appeared to be executed on the same day, and, as a matter of fact, were executed on the same day. Certainly a "prudent" man who was taking the assignment of this contract upon the face of

which it was recited that a certain payment of $4,196 was to be made at a certain future date, and which payment would stand as an apparent charge against this land, would have hesitated to take such contract without some explanation of why the provision for this payment remained therein. When the receipt, dated on the same date as the new contract, was tendered him with the assignment, what should he, as a "prudent man," have done? Certainly his curiosity must have been aroused—he must at least have wondered how the provision for the $4,196 payment was left in the contract if such sum had been paid as appeared by the receipt. He must have realized that no business man in Short's place, *if he had in fact paid the $4,196*, would have signed the contract when, by so doing, he apparently acknowledged that it remained unpaid. Rime makes no explanation whatsoever. There is no showing that he asked Short for any explanation. He admits that he asked none from plaintiffs. Apparently he took the two papers in full reliance upon the one. A "prudent" man would not, and any other is not permitted to, shut his eyes to such suspicious circumstances.

The judgment and order appealed from are affirmed.

GATES, P. J., and ANDERSON, J. (dissenting.) We find no warrant in the evidence for the finding of the trial court recited in the majority opinion. To our minds the evidence is clear that Rime was wholly without knowledge of, or complicity in, the fraud. We find nothing in the evidence which should have charged Rime with knowledge of the fraud. We find nothing which should have put him upon inquiry. We find nothing in the evidence that even squints at bad faith on his part. The fact is that Rime parted with more than $4,000 of property in reliance upon the receipt. This is the best evidence of his good faith in the transaction. In our opinion this case comes squarely within the provisions of the maxim:

"Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer." Rev. Code 1919, § 75.

We are of the opinion that it was negligence of respondents in relying upon the representations of Short that caused the situation in which the innocent parties, the respondents and appellant, are found.

We think the judgment and order appealed from should be reversed.